

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2008

# USA v. Drennon

Precedential or Non-Precedential: Precedential

Docket No. 06-3399

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Drennon" (2008). *2008 Decisions.* Paper 1495.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1495

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3399

UNITED STATES OF AMERICA

v.

MICHAEL DRENNON
Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 05-cr-00647)
District Judge:  Hon. Timothy J. Savage

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2007

BEFORE:  RENDELL and STAPLETON,
*Circuit Judges*, and IRENAS, *District Judge**

* Hon. Joseph E. Irenas, Senior District Judge for the District of
New Jersey, sitting by designation.

(Opinion Filed February 20, 2008)




Mary E. Crawley
Office of the United States Attorney
615 Chestnut Street – Suite 1250
Philadelphia, PA  19106
  Attorney for Appellee

Robert Epstein
Defender Association of Philadelphia
Federal Court Division
The Curtis Center - Suite 540 West
601 Walnut Street
Philadelphia, PA  19106
  Attorney for Appellant




OPINION OF THE COURT

STAPLETON, <u>Circuit Judge</u>:

Michael Drennon pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced to 51 months of incarceration for his crime. At sentencing, Drennon asked for, and received, a two-level downward adjustment of his offense level under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. He also requested an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) which, upon motion by the government, permits such an adjustment when the defendant "timely notif[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." The government declined to file a § 3E1.1(b) motion, however, and for that reason, the Court denied Drennon the adjustment he sought. Drennon now appeals.

## I.

Drennon robbed Bensalem Bank on October 17, 2005, passing the teller a handwritten note made out on the back of a pay stub bearing his name. He was arrested shortly thereafter. Prior to trial, Drennon decided to challenge the constitutionality of an identification made by one of the bank's tellers. After an evidentiary hearing during which the government called its three key witnesses, the District Court denied the motion. Subsequently, approximately a month before his trial was scheduled to begin, Drennon pled guilty. There was no plea agreement between the parties.

At sentencing, in response to Drennon's request for an adjustment under U.S.S.G. §3E1.1(b), the government took the position that "the large majority of the work to prepare for trial had been done in connection with the suppression hearing." Because Drennon had not notified the government of his intention to plead guilty until after that hearing, it declined to file a motion of the kind contemplated by § 3E1.1(b). Drennon urged the Court to make a downward adjustment, nevertheless, because the government's decision on whether to file the motion had not been made in good faith. The District Court concluded that it could not grant the adjustment in the absence of a government motion and determined that the Guideline range was 51 to 63 months.

## II.

Prior to 2003, a District Court could grant a one-level downward adjustment based on its own assessment of whether the defendant's guilty plea had saved judicial and prosecutorial resources. In 2003, the rule was changed to take this discretion from the District Court and vest it in the U.S. Attorney's office. Section 3E1.1(b) now reads:

> "If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and <u>upon motion of the government</u> stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby

permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level."

U.S.S.G. § 3E1.1 (2007) (emphasis added).  As explained in the Application Note, this change was made "[b]ecause the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial," and therefore, "an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing."  *Id*. app. note 6*; see also United States v. Sloley*, 464 F.3d 355 (2d Cir. 2006).

Drennon does not dispute that a motion from the government is normally a necessary predicate to the granting of a downward adjustment under § 3E1.1(b).  He argues, however, that the government's explanation for its refusal to file demonstrates that it is the product of "bad faith."

The relevant text of § 3E1.1(b) tracks that of U.S.S.G. § 5K1.1 which requires a motion from the government before any downward departure may be granted based upon the defendant's cooperation with the government.  In each instance, the purpose of the requirement is to insist that the necessary exercise of discretion be informed by the unique perspective of the government.  This similarity of text and purpose leads us to the conclusion that our § 5K1.1 jurisprudence is particularly helpful in applying § 3E1.1(b).

In the context of § 5K1.1, we have rejected an argument

5

much like that pressed by Drennon here.  In *United States v. Gonzales*, 927 F.2d 139 (3d Cir. 1991), we held that a "district court could not depart downward under Guideline § 5K1.1 'in the absence of a government motion based on defendant's cooperation'" and that there was no "bad faith" exception to this rule where, as here, the government has not committed itself in a plea agreement to file such a motion.[1]  *Id*. at 145 (quoting from *United States v. Bruno*, 897 F.2d 691 (3d Cir. 1990).  Instead, we recognized, as the Supreme Court has put it, "the condition limiting the court's authority [under § 5K1.1] gives the government a power, not a duty, to file a motion when a defendant has substantially assisted."  *Wade v. United States*, 504 U.S. 181, 185 (1992).  Accordingly, the absence of a government motion left the District Court powerless to grant the adjustment sought under § 5K1.1, just as it does under § 3E1.1(b).

While § 3E1.1(b) itself thus requires full deference to the government's assessment of the timeliness of the plea under the standards set forth in that section, its discretion is nevertheless subject, of course,  to constitutional restraints.  As the Supreme Court held in *Wade*, 504 U.S. at 186, in the context of § 5K1.1:

---

[1]When the government has committed itself in a plea agreement to file a § 5K1.1 motion, traditional principles of contract law require a good faith exercise of discretion on the part of the government.  *United States v. Abuhouran*, 161 F.3d 206, 212 (3d Cir. 1998) ("contract law principles apply because, without them, the defendant would be deprived of the benefit of the bargain and his plea would be involuntary:); *United States v. Isaac*, 141 F.3d 477 (3d Cir. 1998).

Because we see no reason why courts should treat a prosecutor's refusal to file a substantial-assistance motion differently from a prosecutor's other decisions, see, *e.g., Wayte v. United States*, 470 U.S. 598, 608-09 (1985), we hold that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive.

As we explained in *United States v. Abuhouran*, 161 F.3d 206, 212 (3d Cir. 1998), "an unconstitutional motive exists when the government's decision is based on the defendant's race, religion, or gender." Moreover, the "government also acts from an 'unconstitutional motive' when its 'refusal to move was not rationally related to any legitimate government end.'" *Id*. (quoting from *Wade*, 504 U.S. at 186).

The record in this case does not support a finding that the government's refusal to file a § 3E1.1(b) motion was attributable to an unconstitutional motive. The dispute here is about the character and extent of the professional services invested by the government prior to the plea. These are matters committed to the discretion of the government. Drennon may disagree with the government about such matters, just as the petitioner in *Wade* disagreed with the government about whether he had rendered substantial assistance, but here, as there, the disagreement is not sufficient alone to carry the day. While Drennon suggests that the government's decision was not rationally related to a legitimate governmental end, the record provides no basis for concluding that it was motivated by

7

anything other than a concern for the efficient allocation of the government's litigating resources. It necessarily follows that the District Court properly concluded that it had no power to grant the requested adjustment.[2]

## III.

The judgment of the District Court will be affirmed.

---

[2]The cases that Drennon relies on to support his theory are not to the contrary. In none of them did the government suggest that its preparation for the suppression hearing was tantamount to preparing for trial, or point to other specific actions it had undertaken to prepare for trial. *See United States v. Marquez*, 337 F.3d 1203, 1211 (10th Cir. 2003); *United States v. Price*, 409 F.3d 436, 443 (D.C. Cir. 2005); *United States v. Morroquin*, 136 F.3d 220, 222 (1st Cir. 1998). By contrast, the government here explained that its preparation for Drennon's pre-trial hearing amounted to trial preparation, which is something we have no reason to doubt. Accordingly, it was well within its rights in refusing to file the § 3E1.1 motion.