

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2008

# USA v. Wright

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4074

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Wright" (2008). *2008 Decisions.* Paper 794.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/794

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4074

_____

UNITED STATES OF AMERICA

v.

JAMES WRIGHT,

Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 06-cr-00302)
District Judge:  The Honorable Robert B. Kugler

_____

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2008

_____

Before: SLOVITER, BARRY and ROTH, Circuit Judges

(Filed:  July 25, 2008 )

_____

OPINION

_____

BARRY, Circuit Judge

James Wright pled guilty to one count of illegal reentry into the United States after

deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), and was sentenced to a term

of imprisonment of 63 months. He now appeals. For the reasons that follow, we will affirm.

## I. Factual and Procedural History

Wright is a native and citizen of Jamaica. On November 16, 1998, he pled guilty in New Jersey state court to possessing a dangerous controlled substance, cocaine, with the intent to distribute it within 1,000 feet of a school zone, and was sentenced to 8 years' imprisonment. On May 3, 2001, the Bureau of Immigration and Customs Enforcement ("BICE") removed him to Jamaica. He reentered the United States on or about September 1, 2001 using a fraudulent passport and visa. He lived with his wife and her two adult daughters in Glassboro, New Jersey until December 23, 2005, when one of the daughters called the police to report his involvement in a domestic disturbance. A local police officer responded and, upon learning that Wright was a previously removed felon, took him into custody. Wright was thereafter formally arrested by a BICE agent and removed to a BICE field office. While there, he admitted that he was a citizen of Jamaica, that he had been previously removed to Jamaica, that he had not received permission to reenter the United States, and that he did in fact reenter the United States in September 2001.

The United States filed a complaint charging Wright with illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On the advice of counsel, he rejected a plea of guilty to § 1326(a) because the plea agreement would have required him to stipulate to

the fact of his prior conviction and he would then be unable to later challenge the constitutionality of § 1326(b). After further discussion, the government offered him an amended plea agreement, which he signed. He acknowledged in the agreement that "under the current state of the law, it is within the sentencing judge's province to make the determination of whether or not 8 U.S.C. § 1326(b) applies to this matter, and that the sentencing judge should and shall employ a preponderance of the evidence standard in making that determination." (J.A. 28.)

The government submitted a list of questions to be asked by the District Court at the plea hearing to establish the factual basis for the plea. The questions would have required Wright to admit to the fact of his prior conviction. His counsel advised the Court that Wright would plead guilty to the information but would not do so pursuant to the plea agreement. Because, in the government's view, Wright had withdrawn from the plea agreement, the government presented evidence to a grand jury in support of an indictment. An indictment was returned and Wright pled guilty, but again, on the advice of counsel, he refused to acknowledge the fact of his prior conviction.

At Wright's sentencing hearing, the District Court reduced his offense level by two levels under U.S.S.G. § 3E1.1(a) for his acceptance of responsibility. The government stated that if Wright would admit to his prior conviction, it would ask the Court to reduce his offense level by one additional level under § 3E1.1(b). He refused to do so, and was subsequently sentenced to 63 months, the bottom of his 63- to 78-month guidelines range.

## II. Discussion [1]

Wright's first contention on appeal is that 8 U.S.C. § 1326(b)(2) is unconstitutional on its face and as applied to him. Section 1326(b)(2) states that an alien convicted under § 1326(a) for illegal reentry into the United States, "whose removal was subsequent to a conviction for commission of an aggravated felony," shall be fined or imprisoned not more than 20 years or both. In *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), the Supreme Court held that the fact of a prior conviction for an aggravated felony under § 1326(b)(2) is a sentencing factor and not an element of the underlying offense. Accordingly, it need only be proven to a sentencing judge by a preponderance of the evidence.

Wright concedes that *Almendarez-Torres* binds this Court and, consequently, forecloses this basis of his appeal. He nonetheless argues that following the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a majority of the Court believes that the constitutional question in *Almendarez-Torres* was incorrectly decided. While he recognizes that *Almendarez-Torres* remains good law, he brings this appeal solely to preserve his constitutional claim in the event the Court were to reverse *Almendarez-Torres*. Because we remain bound by *Almendarez-Torres*, we will affirm the judgment of sentence. *See United States v. Vargas*, 477 F.3d 94, 104 (3d Cir. 2007).

---

[1] We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

Wright's second contention is that the District Court erred in refusing to award him a reduction of one additional level under U.S.S.G. § 3E1.1(b). If a defendant qualifies for a two-level reduction in his offense level for having accepting responsibility for his crime, and if the offense level is 16 or greater, the District Court may,

> upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1(b). Wright does not dispute that the government did not make such a motion. What he does contend is that the government's decision was made arbitrarily because he adequately assisted the government by willingly admitting each element of his offense. The only thing he refused to admit, the argument goes, was the fact of his prior conviction, but that was not an element of the crime to which he pled guilty.

Where the government declines to move for the additional one--level reduction under section 3E1.1(b), a district court is left "powerless" to grant such a reduction. *United States v. Drennon*, 516 F.3d 160, 162 (3d Cir. 2008). The government's discretion to decline, however, is not boundless; it still remains subject to constitutional constraints—it cannot, for example, base its decision on the defendant's race, religion, or gender. *Id.* at 162-63. Wright does not argue that the government's decision was based on any unconstitutional reason or was not rationally related to its legitimate interest in providing an incentive for defendants to plead guilty, thereby enabling the government to

more efficiently prosecute its cases. Moreover, it bears mention that at the sentencing hearing, the government afforded Wright a final opportunity to admit the fact of his prior conviction even though he had already pled guilty. Wright's second contention is without merit.

Wright argues, next, that the District Court erred when it did not sentence him as if the additional one-level reduction had been applied. At the sentencing hearing, his counsel argued that "under *Booker* Mr. Wright should be treated as if the third[-level reduction] had been applied" and that "he should not be treated any differently than somebody who got the third[-level reduction]. Because, frankly, there's nothing in 3553(a) to distinguish between him and somebody else." (J.A. 145.) For the reasons that warranted the decision not to move for the additional level, the decision not to apply that level as if a motion had been made was not error. Moreover, the fact that Wright decided not to plead guilty to an already executed plea agreement, which required the government to present the case to the grand jury, distinguishes him from a hypothetical defendant who is granted the additional one-level reduction for substantial assistance to the government.

Finally, Wright argues that the District Court erred in not granting him a below-guidelines sentence in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). In determining whether a sentence is reasonable, we must be satisfied that the Court adequately considered the relevant factors set forth in § 3553(a). *United States v. Kononchuk*, 485 F.3d 199, 204 (3d Cir. 2007). It did so here. The Court discussed in

6

detail each of the relevant § 3553(a) factors and its application to the facts of the case, and indicated its belief that any differences in sentences given to illegal reentry defendants in fast-track and non-fast-track jurisdictions did not demonstrate that the guidelines, as applied to Wright, were unduly harsh. It then determined that a 63-month term of imprisonment—the lowest possible sentence within Wright's suggested guidelines range—was necessary to deter Wright from reentering the United States in the future. We find no reason to disturb the sentence.

### III. Conclusion

For the foregoing reasons, we will affirm the judgment of sentence.