**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 08-5233**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL ANTONIO SANDERS,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:08-cr-00174-FL-2)

―――――――――

Submitted:  January 21, 2010          Decided:  March 19, 2010

―――――――――

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

John Keating Wiles, CHESHIRE, PARKER, SCHNEIDER, BRYAN & VITALE, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Antonio Sanders pled guilty to being an accessory after the fact in a Hobbs Act robbery, 18 U.S.C. § 3 (2006), without a plea agreement, and was sentenced to a term of sixty-three months imprisonment. He appeals his sentence, arguing that the district court abused its discretion in denying his request for a one-level downward variance to compensate for the government's refusal to move for a one-level reduction under U.S. Sentencing Guidelines Manual § 3E1.1(b) (2008). We affirm.

Sanders' co-defendant, Kendricus Williams, robbed a convenience store and escaped in a vehicle driven by Sanders. They were immediately pursued by police. Sanders crashed the vehicle after a high-speed chase; both he and Williams were arrested. In an unprotected statement to the police following his arrest, Sanders said he drove Williams to the store not knowing Williams intended to rob it, but that he saw a gun in Williams' waistband when Williams returned to the car, saw Williams counting money, and heard Williams indicate that he had robbed the store.

At his sentencing hearing, Sanders challenged an enhancement recommended in the presentence report for possession or brandishing of a firearm during the offense under USSG § 2B3.1(b)(2)(C). Sanders asserted that he was unaware that Williams intended to rob the store and was not responsible for

2

conduct that occurred before he knowingly became involved in the offense. The district court overruled his objection, specifically holding that the objection was not frivolous. The court further found that Sanders had accepted responsibility and awarded him a two-level reduction under USSG § 3E1.1(a).

The government nonetheless characterized Sanders' objection as frivolous and refused to move for the additional one-level reduction available under § 3E1.1(b) when the defendant has "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently[.]"

Sanders responded that he had given early notice that he would plead guilty and requested a one-level variance to offset the government's action. The district court decided not to grant a variance, stating that the government was "within its province to not move for the reasons it deems appropriate for that third point of acceptance of responsibility." When defense counsel asked the government to explain for the record why it had refused a motion under § 3E1.1(b), the government stated:

> [T]he government has, in its view, applied the application note to 3E1.1 in a manner which accords with the prerogatives of the executive branch, and that is to not move in a case where the government does not feel that the defendant has fully accepted responsibility for his actions, and those actions

3

include the relevant conduct. And that is specifically listed there in the application note.

Sanders' advisory guideline range was 57-71 months. The district court imposed a sentence of sixty-three months imprisonment.

On appeal, Sanders argues that the district court abused its discretion when it denied his request for a one-level variance on the ground that the government had discretion to refuse to move for a one-level adjustment under § 3E1.1(b) for whatever reasons it deemed appropriate.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory guideline range, we next consider whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review"). Finally, we review the

4

substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). In this circuit, substantive reasonableness review presumes that a sentence imposed within the properly calculated guidelines range is reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006) (adopting presumption of reasonableness); see also Rita v. United States, 551 U.S. 338, 347 (2007) (upholding rebuttable presumption of reasonableness for within-guidelines sentence).

Other circuits have held that the government may withhold a motion under § 3E1.1(b) on a variety of grounds unrelated to the timeliness of the guilty plea if its decision serves some legitimate government interest, equating the limits on its discretion under § 3E1.1(b) with the constraints to its filing a motion for a substantial assistance departure under USSG § 5K1.1, as set out in Wade v. United States, 504 U.S. 181, 186-87 (1992) (holding that government not obligated to file motion for substantial assistance departure, but refusal may not be based on unconstitutional motive and must be rationally related to legitimate government end). See United States v. Johnson, 581 F.3d 994, 1003 (9th Cir. 2009) (holding that the desire to avoid "the expenditure of additional resources in anticipation of and defending against an appeal is a legitimate

5

governmental interest"); United States v. Drennon, 516 F.3d 160, 163 (3d Cir. 2008) (government's refusal to make motion because defendant moved to suppress evidence was rationally related to legitimate government interest of "efficient allocation of the government's litigating resources"); United States v. Newson, 515 F.3d 374, 379 (5th Cir. 2008) (holding that defendant's refusal to waive his right to appeal is proper basis for government to refuse motion, "as it is rationally related to the purpose of the rule and is not based on an unconstitutional motive"); United States v. Moreno-Trevino, 432 F.3d 1181, 1185-86 (10th Cir. 2005) (prosecutors should have same discretion under § 3E1.1(b) as under § 5K1.1, citing Wade).

Thus, the weight of authority currently favors the application of the limits set forth in Wade to the government's discretion under § 3E1.1(b). Moreover, the sentencing court retains the discretion to grant or deny a requested variance. The sentencing court's decision not to vary below the guideline range is presumptively reasonable, Rita, 551 U.S. at 347, and we conclude that Sanders has not rebutted the presumption of reasonableness.

Therefore, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

6

materials before the court and argument would not aid the decisional process.

AFFIRMED