**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1186
_____

UNITED STATES OF AMERICA,

v.

JUAN LEDESMA-NOLASCO,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-12-cr-00614-001)
District Judge: Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 8, 2014

Before: FUENTES, FISHER, and KRAUSE, *Circuit Judges*

(Filed: December 22, 2014)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*:

Juan Ledesma-Nolasco pled guilty to drug charges arising from his transportation of large quantities of heroin and methamphetamine across the country in his tractor-trailer. After being sentenced to 160 months in prison, he filed a notice of appeal. His counsel certifies that all possible grounds for appeal are frivolous and seeks to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). Ledesma-Nolasco has filed a *pro se* brief challenging his conviction and sentence.

For the following reasons, we affirm the District Court's judgment of conviction and sentence and grant counsel's motion to withdraw.[1]

I.

Acting on intelligence from a confidential informant, law enforcement stopped and searched Ledesma-Nolasco's tractor-trailer, discovering nearly 15 kilograms of heroin and over 10 kilograms of methamphetamine. Ledesma-Nolasco entered an open plea of guilty to one count of conspiracy to possess heroin and methamphetamine with intent to distribute and one count of possession with intent to distribute. His post-arrest interview revealed that he had transported drugs on previous occasions and was responsible for transporting a total of 16.98 kilograms of heroin, 19.01 kilograms of methamphetamine, and 8 kilograms of cocaine.

At sentencing, the District Court rejected Ledesma-Nolasco's argument that he

---

[1] We note, however, that a recent amendment to the Sentencing Guidelines may provide Ledesma-Nolasco with a basis to file a motion with the District Court seeking a reduction in his sentence. *See* discussion *infra* Part III.

2

was a minor participant in the criminal activity within the meaning of U.S.S.G. § 3B1.2. It determined that his total offense level was 34 and that his criminal history category was I, yielding a Guidelines range of 151 to 188 months in prison. After considering the factors outlined in 18 U.S.C. § 3553(a), the Court sentenced Ledesma-Nolasco to 160 months of incarceration.

## II.

When counsel submits an *Anders* brief, "[w]e must determine: 1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), and 2) whether an independent review of the record presents any nonfrivolous issues." *Simon v. Gov't of the Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012).[2]

The *Anders* brief adequately explains that all possible issues for appeal are frivolous. The District Court had jurisdiction; the plea colloquy was thorough; Ledesma-Nolasco's waiver of rights was knowing, voluntary, and intelligent; and the sentence imposed was procedurally and substantively reasonable. Our independent review of the record reveals nothing to the contrary.

In his *pro se* brief, Ledesma-Nolasco asserts three grounds for appeal, none of which has arguable merit. First, he claims that the District Court erred in its findings with respect to his motion to suppress. But the District Court made no such findings; Ledesma-Nolasco pled guilty the day before the suppression hearing. At his plea hearing, Ledesma-

---

[2] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review the District Court's judgment of conviction and sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Nolasco stated that he understood that he was giving up his right to seek the suppression of evidence. And at sentencing, Ledesma-Nolasco's counsel indicated that he could not have pursued the suppression motion in good faith.

Ledesma-Nolasco's second contention is that he did not understand the factual basis provided by the Government in support of his convictions. This argument is belied by the record. After the Government recited the evidence it would introduce at trial, the Court asked Ledesma-Nolasco whether he had any "corrections or amendments to the facts." Ledesma-Nolasco responded, "No, everything is fine." (App. 52-53.)

Ledesma-Nolasco's final argument is that his sentence was procedurally and substantively unreasonable and that the District Court erred in failing to award a full three-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). The District Court properly declined to award the third point because "a motion from the government is normally a necessary predicate to the granting of a downward adjustment under § 3E1.1(b)." *United States v. Drennon*, 516 F.3d 160, 162 (3d Cir. 2008). While there are constitutional constraints on the Government's discretion, there is no indication that its refusal to make such a motion here was impermissible. *See id.* at 162-63.

Nor was the sentence procedurally or substantively unreasonable for any other reason. The District Court had broad discretion in deciding whether to apply a mitigating-role adjustment, and its determination that the adjustment was unwarranted was not clearly erroneous. *See United States v. Self*, 681 F.3d 190, 200-01 (3d Cir. 2012). The calculated Guidelines range was therefore permissible, and the District Court elected to

4

impose a sentence within that range (and below the statutory maximum) only after considering all of the relevant factors.

Accordingly, we affirm the judgment of conviction and sentence.

## III.

One additional point deserves mention. The drug quantity table in § 2D1.1(c) of the Guidelines was recently amended to lower the sentencing ranges applicable to drug offenders. Had Ledesma-Nolasco been sentenced according to the new drug quantity table, his base offense level would have been lower by two levels.

The amendment went into effect on November 1, 2014, nine months after Ledesma-Nolasco was sentenced. *See* United States Sentencing Commission Notice (May 6, 2014), 79 Fed. Reg. 25996-02. The District Court properly applied the Guidelines in effect at the time of sentencing, and we may not apply the amendment retroactively on appeal. *See* U.S.S.G. § 1B1.11; *United States v. Wise*, 515 F.3d 207, 220 (3d Cir. 2008).

Ledesma-Nolasco may, however, file a motion with the District Court seeking a reduction in his term of imprisonment. *See* 18 U.S.C. § 3582(c)(2); *Wise*, 515 F.3d at 220-21. And the District Court may reduce his sentence, provided that the effective date of the order is November 1, 2015, or later. *See* U.S.S.G. § 1B1.10(a), (d), (e)(1), cmt. 6.

## IV.

For the foregoing reasons, we affirm the District Court's judgment of conviction and sentence and grant counsel's motion to withdraw.