NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1953
_____

UNITED STATES OF AMERICA

v.

MAURICE NICHOLS,
also known as MICHAEL PETERSON

Maurice Nichols,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 09-cr-730-001)
District Judge:  Hon. Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
June 28, 2012

Before:  SLOVITER, CHAGARES, and JORDAN, *Circuit Judges*.

(Filed: June 29, 2012)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Maurice Nichols appeals the sentence imposed by the United States District Court for the Eastern District of Pennsylvania following his plea of guilty to possessing cocaine with the intent to distribute. His attorney moves to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). We will grant the motion to withdraw and will affirm.

## I.    Background

On May 6, 2009, a Pennsylvania state trooper pulled Nichols over for failing to stop at an intersection. During the stop, the officer asked Nichols for his driver's license, registration, and proof of insurance. Nichols surrendered a rental agreement in the name of Dana Douglas and a license in the name of Michael Peterson. The officer noticed that, according to the rental agreement, the car was overdue to be returned. When he ran the license, the officer learned that "Michael Peterson" is an alias used by Nichols, that Nichols's license had been suspended, and that the individual whose photograph appears on both licenses is the same.

The officer instructed Nichols to exit the vehicle and explained that the car was going to be impounded. While searching the car, the officer found 499 grams of cocaine in the glove compartment, $13,130 in cash under the passenger seat, and three cell phones. When the officer began to place Nichols under arrest, Nichols fled on foot but was quickly apprehended. He was subsequently released on bail.

2

On November 17, 2009, a federal grand jury indicted Nichols for possessing 499 grams of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841.[1] The District Court issued a warrant for Nichols's arrest and the FBI subsequently took him into custody. In the course of that arrest, agents seized $8,105 in cash, a watch valued at approximately $13,000, and six cell telephones.[2]

Nichols moved to suppress the evidence found during the May 6 search of the rental car but withdrew that motion on the day of the suppression hearing. During a July 26, 2010 appearance, Nichols informed the District Court that he wished to obtain new counsel. The Court granted a continuance for Nichols to obtain new counsel and his new attorney filed a second motion to suppress the evidence found during the May 6th search. That motion was also withdrawn before the scheduled suppression hearing.

Nichols's trial was scheduled for September 27, 2010. On September 22, 2010, however, Nichols appeared for a change of plea hearing and pled guilty.[3]

---

[1] Section 841 states that "it shall be unlawful for any person [to] knowingly or intentionally … possess with intent to … distribute … a controlled substance." 21 U.S.C. § 841(a)(1).

[2] Nichols again had a Pennsylvania driver's license in the name of Michael Peterson and told the FBI that he did not use the name Maurice Nichols.

[3] Before Nichols entered a guilty plea, the District Court advised him that he was under oath, that he had to answer truthfully, and that if he did not answer truthfully, he could be prosecuted for perjury. Nichols was advised that he could stop to confer with his attorney at any point during the proceeding. The Court advised Nichols to notify the Court before answering any questions that he did not understand. The Court informed Nichols of his constitutional right to trial by jury, to be found guilty beyond a reasonable doubt, to confront his accusers, and to cross-examine witnesses. The Court asked if Nichols understood that, by pleading guilty, he gave up those constitutional rights. Nichols answered in the affirmative. Nichols ultimately admitted to the events of May 6, 2009 and to possessing 499 grams of cocaine with the intent to distribute.

Prior to Nichols's sentencing hearing, the government prepared a presentence investigation report ("PSR"), which stated that, under 21 U.S.C. § 841,[4] the statutory maximum was 30 years, and that, in light of the crime of conviction and Nichols's past, the base offense level would ordinarily be 24 and the criminal history category would be III. Because Nichols had three prior felony convictions for drug-related offenses,[5] however, he was classified as a career offender, so his offense level was increased to 34, and his criminal history category was increased to VI. U.S.S.G. § 4B1.1.[6] In light of his guilty plea, Nichols received a two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a). Consequently, Nichols's final offense level was 32 and his criminal history category was VI, providing for a guideline range of 210 to 262 months' imprisonment.

---

[4] Section 841 provides that "[i]f any person [possesses cocaine with the intent to distribute] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years … ." 21 U.S.C. § 841(b)(1)(C).

[5] Nichols pled guilty to three instances of manufacturing and delivering cocaine base occurring between 1999 and 2001 and to carrying a firearm without a license in 2003 in the Philadelphia Court of Common Pleas. Each of the drug offenses carried a one year sentence of intermediate punishment involving house arrest and inpatient treatment. Further, each of the drug offenses is a felony under Pennsylvania law. 35 Pa. Cons. Stat. Ann. §§ 780-113(a)(30), (f)(1).

[6] Section 4B1.1 provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Where the offense statutory maximum is 25 years or more, the offense level is increased to 34 and the criminal history category is increased to VI. U.S.S.G. § 4B1.1(b).

At the sentencing hearing on February 3, 2011, Nichols offered no "objections to the presentence report." (App. at 80a.) Nevertheless, he requested a reduced sentence based on mitigating factors and called witnesses to attest to his good character and involvement in the community. Nichols further requested leniency based on a desire to be involved in the lives of his two children. While the District Court observed that it had discretion to impose a sentence below the guidelines, it declined to do so because of Nichols's "serious criminal record," his conduct during and after the arrest, and the absence of mitigating factors. (App. at 100-101a.) The Court concluded that Nichols was "not entitled to any credit for having children" and, in fact, that being a father should have motivated Nichols to abandon his criminal activities. (*Id*.) The Court also noted that, although Nichols was twice apprehended with a substantial amount of money and an expensive watch, he had no employment record for at least the past five years. Nichols's attorney conceded that the only inference to be drawn from those facts was that the cash was "drug money." (App. at 93a.) The Court concluded that Nichols "need[ed] incarceration for a substantial period of time to correct [his] behavior" and sentenced him to 210 months' imprisonment, the bottom of the guidelines range. (App. at 101a.)

## II.    Discussion[7]

Submitting that all potential issues for appeal are frivolous, Nichols's attorney asks permission to withdraw.  Under *Anders*, appellate counsel may seek withdrawal after conducting a full and conscientious examination of all the proceedings and determining that there is no non-frivolous basis for appeal.  *Anders*, 386 U.S at 744.  Counsel must accompany such a request with a brief identifying any issues that might support an appeal.  *Id.*

We apply a two-step review when *Anders* is invoked: first, we determine whether counsel has "adequately fulfilled" the requirements of Local Appellate Rule 109.2(a),[8]

---

[7] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  Nichols's notice of appeal was filed more than 14 days after the February 3, 2011 entry of his sentence and was thus untimely under Federal Rule of Appellate Procedure 4(b).  Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of … the entry of either the judgment or the order being appealed … .").  Rule 4(b), however, "is not jurisdictional and is subject to forfeiture."  *Virgin Islands v. Martinez*, 620 F.3d 321, 327 (3d Cir. 2010).   Here, the government does not invoke Rule 4(b) and, as a result, it has "clearly forfeited the untimeliness argument available to it."  *Id.* at 327-29.  While the government's forfeiture may not prevent us from *sua sponte* dismissing Nichols's appeal, *cf. Long v. Atlantic City Police Dep't*, 670 F.3d 436, 445 n.18 (3d Cir. 2012) (noting, in civil cases, that we are not precluded "from dismissing, *sua sponte*, untimely appeals filed under Appellate Rule 4(a)(4)(A)," which is non-jurisdictional), we will exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[8] We implement *Anders* through our Local Appellate Rule 109.2(a):

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. … If the panel agrees that the appeal is without merit, it will grant

6

and second, we examine whether an independent review of the record presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

When deciding whether counsel has "adequately fulfilled" the requirements of Rule 109.2(a), we turn to the adequacy of counsel's supporting brief. To be adequate, the brief must satisfy us that counsel has thoroughly examined the record in search of appealable issues and has explained why those issues are frivolous. *Youla*, 241 F.3d at 300. "Counsel need not raise and reject every possible claim," but must still carefully examine the record. *Id*. If the *Anders* brief is adequate, our review is limited to those issues implicated by the brief. *Id*. at 301. When the *Anders* brief is inadequate, we may expand our review to portions of the record implicated in the defendant's *pro se* brief or other filings that provide "guidance concerning the issues [the defendant] wishes to raise on appeal." *Id*. Regardless of the adequacy of the brief, we may affirm the conviction and sentence without appointing new counsel if we find, after reviewing the record, that the "frivolousness [of the appeal] is patent." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (citation omitted).

The *Anders* brief here identifies five potentially appealable issues: whether Nichols's guilty plea was knowing and voluntary, whether the District Court erred by classifying Nichols as a career offender, whether the District Court erred by failing to make an additional reduction to the offense level for acceptance of responsibility,

---

counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.

3d Cir. L.A.R. 109.2(a).

7

whether the sentence was procedurally sound, and whether the sentence was substantively reasonable. We are satisfied that the *Anders* brief is adequate and will confine our review to the issues raised therein.

A. *Nichols's Guilty Plea*

Counsel submits that Nichols's guilty plea satisfied the appropriate legal requirements including the requirement that it be knowing and voluntary. *See McCarthy v. United States*, 394 U.S. 459, 464-66 (1969) ("Rule 11 expressly directs the district judge to inquire whether a defendant who pleads guilty understands the nature of the charge against him and whether he is aware of the consequences of his plea."); Fed. R. Crim. P. 11(b)(1). For a plea to be made knowingly and voluntarily, a district court must ensure that it is made by a person of competent intelligence, with a full understanding of its nature and effect, and of the facts on which it is founded. *United States ex rel. Broaddus v. Rundle*, 429 F.2d 791, 793-94 (3d Cir. 1970). We conclude that the record shows that Nichols knowingly and voluntarily entered his guilty plea. The Court ensured that Nichols understood the nature of the charge against him, the maximum sentence and other available penalties, and the rights that he would waive by pleading guilty. Further, Nichols testified that he was not forced to plead guilty and that the government's factual basis for the plea was accurate.

B. *The Sentence Imposed*

Nichols's counsel also examined several aspects of the District Court's sentencing decision, submitting that it was procedurally sound and substantively reasonable, that the Court made no error in classifying Nichols as a career offender, and that the Court made

8

no error in failing to make an additional reduction in his offense level for acceptance of responsibility. We review the sentencing decision of the District Court for abuse of discretion, looking for procedural error and then examining the sentence for substantive reasonableness. *United States v. Negroni*, 638 F.3d 434, 443 (3d Cir. 2011). "[A]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). In our review, we must ensure that the District Court committed no significant procedural error in arriving at its decision, "such as … failing to consider the § 3553(a) factors,[9] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence … ." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).

           i.        *Classification as a Career Offender*

In his *pro se* submission, Nichols argues that the District Court erred during sentencing in accepting the PSR's enhancement for his prior drug-related offenses. Nichols has three prior felony convictions for drug-related offenses. *See supra* note 5. Nichols's trial attorney argued for a sentence below the guidelines because his prior convictions involved small amounts of narcotics, he was young when convicted, and he presented a low risk for recidivism. Those arguments, however, have no bearing on the

---

[9] Section 3553(a) provides for a number of factors to be considered in imposing a sentence, including the nature and circumstances of the offense, the characteristics of the defendant including his criminal history, the need for the sentence to reflect the seriousness of the offense and to deter future criminal conduct, the kinds of sentences available, the need to avoid unwarranted disparities between sentences for similar crimes, and the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

fact that his prior convictions plainly meet the guidelines requirement for enhancement pursuant to U.S.S.G. § 4B1.1, and the record is devoid of support for any argument to the contrary. Therefore, we conclude, as has Nichols's counsel, that the District Court did not err in accepting the PSR's enhancement and that any dispute about the career offender classification is frivolous.

ii. *Downward Departure for Acceptance of Responsibility*

While the District Court subtracted two levels for Nichols's admission of guilt under U.S.S.G. § 3E1.1(a),[10] Nichols argues that an additional level should have been subtracted for his admission of guilt under U.S.S.G. § 3E1.1(b).[11] Section 3E1.1(b), however, requires that the government make a motion before the District Court can grant such an adjustment. *See United States v. Drennon*, 516 F.3d 160, 162 (3d Cir. 2008) ("[A] motion from the government is … a necessary predicate to the granting of a downward adjustment under § 3E1.1(b).").[12] The government made no such motion.

---

[10] Section 3E1.1(a) provides that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."

[11] Section 3E1.1(b) provides that "[i]f the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level."

[12] The government's discretion is only subject to constitutional or arbitrariness restraints, such as where the motive for not requesting the additional downward departure "is based on the defendant's race, religion, or gender." *Drennon*, 516 F.3d at 162 (citation omitted). There is no claim that the government's failure to request a downward departure was motivated by race, religion, or gender, and any such assertion would be frivolous.

10

Any argument that the District Court should have made an additional reduction to his offense level for acceptance of responsibility is thus frivolous, as Nichols's counsel rightly acknowledges.

        iii.    *Procedural and Substantive Reasonableness of the Sentence*

Nichols's counsel submits that there were no procedural or substantive errors in the sentencing. A review of the transcript reflects that the District Court gave meaningful consideration to the § 3553(a) factors in sentencing Nichols. The Court considered Nichols's offense, his criminal history, and the arguments he offered in support of a mitigated sentence. The Court noted that it had discretion, but ultimately chose to give Nichols a sentence at the bottom of the guidelines.[13] In doing so the Court noted that Nichols had not had a legitimate job for at least five years, had prior convictions for drug offenses, and had attempted to escape from police when caught with a substantial amount of cocaine. Such facts provide a sound basis for the sentence imposed and render it substantively reasonable. Thus, any argument that the sentencing was procedurally unsound or substantively unreasonable is frivolous.

## III.    Conclusion

For the foregoing reasons, we will grant the motion to withdraw and affirm the sentence imposed by the District Court.

---

[13] Nichols argues that the Court erred when it failed to express that it had discretion to make a downward variance. He is incorrect. The District Court stated that it "kn[e]w [that it] ha[d] some discretion" but "fe[lt] [that] this is a case that should be governed by the guidelines." (App. at 100a.)