BLD-293                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1939
_____

IN RE: MAURICE NICHOLS,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 2-09-cr-00730-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 29, 2017

Before: AMBRO, GREENAWAY, Jr., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 7, 2017)
_____

OPINION[*]
_____

PER CURIAM

   Maurice Nichols, proceeding <u>pro</u> <u>se</u>, petitions for a writ of mandamus compelling

the United States District Court for the Eastern District of Pennsylvania to order the

Government to file a response to a motion he filed pursuant to Federal Rule of Civil

Procedure 60(b). For the reasons that follow, we will deny the mandamus petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2010, Nichols pleaded guilty to possessing cocaine with the intent to distribute. He was sentenced to 210 months in prison. We affirmed on direct appeal. United States v. Nichols, 486 F. App'x 244 (3d Cir. 2012).

On July 23, 2013, the District Court denied Nichols' motion to vacate sentence pursuant to 28 U.S.C. § 2255. We denied Nichols' subsequent request for a certificate of appealability. On June 6, 2014, Nichols filed a Rule 60(b) motion seeking relief from the District Court's order denying his § 2255 motion. The District Court denied the motion without a written opinion.[1]

On July 5, 2016, Nichols filed another Rule 60(b) motion. The District Court issued an order requiring the Government to respond, but then vacated that order because it was issued in error. The Rule 60(b) motion remains pending.

Nichols asserts in his present mandamus petition that he has asked the District Court to order the Government to respond to his Rule 60(b) motion, but he has not received a response from the District Court. He asks this Court to compel the District Court to direct the Government to file a response.

The writ of mandamus is a drastic remedy and has traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140

---

[1]On December 29, 2016, the District Court clarified that Nichols' motion was denied because it was a second or successive § 2255 motion. Nichols had filed a mandamus petition asking us to direct the District Court to clarify its order. He moved to withdraw the petition based on the District Court's order and the petition was dismissed.

2

(3d Cir. 2000) (internal quotations and citations omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the issuance of the writ is clear and indisputable. Id. at 141.

Nichols does not satisfy this standard. The District Court docket does not reflect that Nichols has sought any relief in connection with his pending Rule 60(b) motion. Although there has been a delay in the adjudication of the motion, there is no indication that the District Court would not act on a properly-filed motion calling the matter to its attention. Nichols thus has an avenue for seeking the relief he desires. Nichols also has not shown a clear and indisputable right to the issuance of a writ as the District Court may be able to adjudicate the motion without a response from the Government.

Accordingly, we will deny the petition for a writ of mandamus.