**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1257
_____

UNITED STATES OF AMERICA

v.

MAURICE NICHOLS, a/k/a Michael Peterson,
                                                                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Criminal No. 2:09-cr-00730-001)
District Judge:  Honorable Michael M. Baylson
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 3, 2021
Before:  AMBRO, SHWARTZ and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 10, 2021)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Maurice Nichols appeals from the District Court's denial of his motion

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for compassionate release. The Government has filed a motion for summary action. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2011, Nichols pleaded guilty in the District Court for the Eastern District of Pennsylvania to a narcotics offense. He was sentenced to a term of 210 months' imprisonment, followed by a term of supervised release. His sentence was based in part on his past criminal history, including several narcotics offenses. Nichols appealed, and we affirmed. See United States v. Nichols, 486 F. App'x 244, 245 (3d Cir. 2012) (non-precedential).

In September 2020, Nichols filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] He argued that the District Court should resentence and release him because his prison had a high rate of COVID-19 infections that compromised his health, it was impossible to properly socially distance in prison, and, at that time, his prison had been in lockdown for months. In a subsequent filing, Nichols briefly contended that being a smoker and having a family history of heart disease raised his risk of severe complications and death from COVID-19.[2] He also argued that he had a high risk of contracting COVID-19 based on conditions at his facility. Further, Nichols maintained that he was not dangerous, that he had worked to better himself in prison, and that he was

---

[1] Nichols titled his motion as a motion for appointment of counsel; the District Court construed it as a motion for compassionate release. We discern no error in that approach.

[2] Nichols did not identify any specific medical condition placing him at risk of serious illness or complications from COVID-19.

not at risk of recidivism.

In January 2021, the District Court denied his motion. The District Court, after reviewing the entire record, concluded that Nichols had not shown that his health was seriously endangered by the conditions at his prison. Further, the District Court noted his substantial prior record of criminal conduct, including several serious narcotics violations and an attempted escape in the course of an arrest. Nichols timely appealed, and the Government has moved for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We will grant the Government's motion. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes

3

of the defendant," id. § 3553(a)(2)(A)-(C).

We discern no abuse of discretion in the District Court's decision to deny Nichols' motion. The District Court acknowledged Nichols' allegations of "very dangerous conditions" at his prison and stated it had examined the entire record, including Nichols' reply brief and attachments. Dist. Ct. Order at ECF p. 1. However, it concluded that the record showed that Nichols had not been infected with COVID-19 and that the record did not support a conclusion that his health was seriously endangered by conditions at his prison. Further, the District Court reasonably indicated that Nichols' serious and lengthy criminal history, including the fact that he had previously attempted to escape from an arresting officer, favored denying his request for compassionate release.

In sum, the District Court effectively applied the § 3582(c)(1)(A)(i) framework, and we discern no error in its consideration of the relevant factors. We thus do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." See Pawlowski, 967 F.3d at 330 (internal quotation marks and citation omitted). Further, we see no error in the District Court's denial of Nichols' request for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).

Accordingly, we will summarily affirm the District Court's judgment.[3]

---

[3] Nichols' motion for appointment of counsel is denied. See Tabron, 6 F.3d at 155-56.